J. W. BOLES and Wife, *et al.* v. N. L. CAUDLE, THOMAS V. CRAUSE,
Executor of G. H. Crause *et al.*

(Decided April 10, 1900.)

*Will Executed in 1898—Transfer of an Expectancy in
1888—Reference Thereto in the Will—Issue of Fact in
Special Proceeding—Practice.*

1. The transfer of an expectancy by a granddaughter in the estate of a
testator amounts, at most, to an executory contract to convey;
but not being a contract to convey specific property, specific per-
formance would scarcely be decreed, if enforceable at all. The
remedy would be for breach of contract, sounding in damages.

2. The granddaughter is the legatee; the claimant of her interest takes
nothing under the will; and a reference to the transfer contained
in the will does not have the effect of substituting him in her
place as legatee.

3. The contract of transfer being denied in the answer before the Clerk,
an issue of fact was raised which should have been transferred to
the civil issue docket, to be tried at term before a jury.

SPECIAL PROCEEDING, heard an appeal from Clerk of
Superior Court of STOKES County, before *Shaw, J.,* at Cham-
bers, on December 15, 1899.

In a special proceeding for an account and settlement and
payment of legacies, instituted by the parties in interest
against Thomas V. Crause, executor of G. H. Crause, J. W.
Boles, whose wife was a legatee, claimed himself to be
assignee of the interest of N. L. Caudle, a granddaughter and
legatee of testator, and that the transfer was recognized in
the will, and that he was entitled to the granddaughter's
legacy. The contract of transfer was denied in the answer of
N. L. Caudle. The Clerk ruled that the pleadings raised a
question of law, and transmitted the case to be heard at
Chambers before his Honor, *Shaw, J.* Both sides excepted.

His Honor adjudged: That the recital in said will that J. W. Boles has bought the interest of N. L. Caudle in the estate of testator is conclusive evidence of this fact, and that under said clause said Boles became the owner, and entitled to said Caudle's interest, and that said N. L. Caudle is not entitled to any interest in said estate, as against Caudle, plaintiff. Cause remanded.

Defendant N. L. Caudle excepted, and appealed to the Supreme Court. The pertinent parts of the will are cited in the opinion.

*Mr. W. W. King,* for appellants.
*Mr. W. F. Carter,* for appellees.

FURCHES, J.   G. H. Crause died in the county of Stokes, in 1899, leaving a last will and testament, in which the defendant Thomas V. Crause is named as executor. Thomas V. caused said will to be admitted to probate, qualified and entered upon the duty of executing said will and settling the estate of his testator. The plaintiff J. W. Boles, who married a daughter of the testator, and others interested in the estate under said will, commenced this special proceeding before the Clerk of the Superior Court of Stokes County against said executor, and other parties interested in the estate under said will, among whom is the defendant N. L. Caudle.

In plaintiff's complaint (called a petition) plaintiffs set out the will of the testator and also a deed which they allege the defendant N. L. Caudle executed to the plaintiff Boles in June, 1888. The only controversy presented by the record is between the plaintiff Boles and the defendant N. L. Caudle. The plaintiff Boles claims that the defendant N. L. Caudle conveyed to him by said deed in 1888 her entire interest in the estate of her grandfather, G. H. Crause, and he also

23——126

claims that he is the owner of the defendant Caudle's interest in said estate, under the terms and provisions of said will. The defendant denied the execution of the deed. The defendant Caudle is a daughter of Solomon Crause, a son of the testator, who was killed in the Confederate army in 1864, leaving three children, Sarah L. A. Scott, wife of Powell Scott, Ellen Pettitt, who has since died leaving three children, and the defendant N. L. Caudle. The testator wills to the children and grandchildren of his son Solomon, the share of his estate that his said son would have been entitled to if he were living—one-seventh—but to be divided between them as follows: Mrs. Scott, $100; Mrs. Pettitt's children, $100, and the residue to the defendant N. L. Caudle. The language of the will which the plaintiff Boles contends entitles him to the defendant N. L. Caudle's share, is as follows: "And N. L. Caudle is to have the remainder of my son Solomon's part of my estate, and J. W. Boles has bought her interest in my estate." And further on in the will the testator says that the defendant Caudle must leave his house and get her another home at his death. It is contended by the plaintiff Boles that these paragraphs in the testator's will give him whatever interest the defendant Caudle had in the estate of G. H. Crause, under his will. By what reasoning it can be given this effect, we are not able to see. It is certain that the testator does not will it to Boles, but wills it to the defendant Caudle. And if Boles is the owner of what is willed to the defendant Caudle, he must get it from her. It was not the defendant Caudle's until the death of the testator, and the fact that he said in his lifetime that she had conveyed it to the plaintiff Boles did not make it so, if she had not conveyed it. Indeed, it seems that the plaintiff Boles started out with the idea that he was entitled to it under a deed from the defendant Caudle; he so alleges in his com-

plaint, and sets out the deed under which he claims.    But for some reason he abandons this contention (at least for the present), and claims under the will, and we must hold that he is not entitled to recover the defendant Caudle's interest in the testator's estate under this contention.    Whether he can recover it under the deed is not now before us; but it would seem that the defendant Caudle had no estate in the testator's estate in 1888.    At most she could not have had more than an expectancy, if that, and she could not convey such an expectancy, if she had one.    The most it could amount to would be an executory contract to convey. *Mastin v. Marlow,* 65 N. C., 695; *McDonald v. McDonald,* 58 N. C., 211.    But this not being a contract to convey specific property, the question will be presented as to whether a court *can or will* compel a specific performance; whether it could amount to more than a breach of contract, which would sound in damages, if it is such contract as can be enforced.

We have said this much upon a question presented by the record, but not before us for adjudication, not as a decision of the Court, but as suggestive of what seems to us to be the question presented, and which may be of service to the parties upon a new trial.

While the defendant was obliged to appeal from the judgment of the Court or lose her rights, if she had any, it seems to us that, as the defendant's answer raised questions of fact as to the execution of the deed under which plaintiff Boles claimed, the case should have been transferred to the civil issue docket for trial, where the whole matter might have been disposed of.    Our decision sends the case back for a new trial when, if it had been tried in term time before a court and jury, one trial and one appeal would likely have settled the whole case.    It is "taking two bites at a cherry."

Error.    New trial.